2008 OK CR 1

**David Andrew ROCHON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2006–971.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 2008.

Curt Allen, Assistant Public Defender, Tulsa, OK, attorney for defendant at trial.

April Seibert, Kim Hall, Assistant District Attorneys, Tulsa, OK, attorneys for the state at trial.

Stuart Southerland, Assistant Public Defender, Tulsa, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer L. Strickland, Assistant Attorney General, Oklahoma City, OK, attorneys for the state on appeal.

### SUMMARY OPINION

C. JOHNSON, Vice–Presiding Judge.

¶ 1 Appellant, David Andrew Rochon, was convicted after jury trial in Tulsa County District Court, Case No. CF–2005–1278, of Trafficking in Illegal Drugs (Methamphetamine) (Count I), Possession of Marijuana with Intent to Distribute (Count II), Failure to Obtain a Tax Stamp (Count III) and Unlawful Possession of Paraphernalia (Count IV). The jury assessed punishment at fifteen years imprisonment on Count I, eight years imprisonment and a $10,000.00 fine on Count II, a $10,000.00 fine on Count III and one year in jail and a $1,000.00 fine on Count IV. The trial court omitted the fine assessed by the jury on Count II but otherwise sentenced Appellant in accordance with the jury's recommendation, ordering the sentences to run consecutively. Appellant timely filed this appeal.

¶ 2 Appellant raises the following propositions of error:

1. Appellant's lengthy detention after a traffic stop for a "no seatbelt" violation

was unlawful. All incriminating statements secured as a result of that detention must be suppressed.

2. Law enforcement failed to comply with the "knock and announce" requirements of Oklahoma law. The fruits of the search of Appellant's residence must be suppressed.

3. Under the facts of this case, it was reversible error for Appellant to be convicted of Trafficking in Controlled Drugs and Possession with Intent to Distribute Controlled Drugs. One of the two convictions must be reversed with instructions to dismiss.

4. Defense counsel's failure to lodge appropriate objections at trial constituted ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

5. It was reversible error to refuse Appellant's requested instruction defining "reasonable doubt."

¶ 3 After thorough consideration of the propositions, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we affirm Appellant's Judgment and Sentence on Counts I, III and IV. We find that Appellant's Judgment and Sentence on Count II must be reversed with instructions to dismiss.

¶ 4 Around noon on March 14, 2005, Tulsa police officers were preparing to execute a search warrant at a residence located at 226 S. 164th East Place in Tulsa. Before the officers who were to execute the warrant arrived at the residence, an officer in plain clothes and in an unmarked police car who was surveilling the residence observed Appellant and another male leave the house and drive away in Appellant's car. He requested the assistance of a uniformed officer in a marked unit to stop Appellant. Officer Eric Leverington responded to this request. When he received the request, Leverington was located in the area of 16100 East Admiral Place. He caught up with Appellant at approximately 18700 East Admiral Place. He noted that neither Appellant nor his passenger were wearing seatbelts and he stopped Appellant's vehicle approximately four blocks later at 19100 East Admiral Place.

¶ 5 When Leverington approached Appellant's car and asked him for his name and address, Appellant gave him an incorrect address. When Leverington confronted Appellant about this, Appellant became angry and agitated. Leverington asked Appellant to exit his car and walk to the back of the vehicle where he was handcuffed for the officer's safety. Between ten and fifteen minutes into the stop, Leverington was called to assist with the search of Appellant's house. He left Appellant with Officer Daryl Johnson who had come to assist. Officer Johnson stayed with Appellant another ten minutes or so until he received a call informing him that officers executing the search warrant had found some drugs in the residence in plain view. Appellant was arrested and returned to the residence where he remained until the search was completed.

¶ 6 At the residence, police executing the warrant found 326.5 grams of methamphetamine and approximately twenty pounds of marijuana in a safe in Appellant's bedroom. Also in the safe was approximately $2,800.00 in cash, two sets of digital scales and five boxes of baggies. After he was *Mirandized,* Appellant admitted to the police that he had been selling drugs for about six months. He also stated that he sold approximately four pounds of methamphetamine and twenty pounds of marijuana a week.

¶ 7 Appellant argues in his first proposition that his detention for the traffic stop was illegal because it lasted longer than was necessary to effectuate the purpose of the stop. He asserts that because he was arrested after this illegal detention, his arrest was illegal as well. Finally, he complains that statements made as a result of this illegal detention and illegal arrest should have been suppressed. In support of his argument, Appellant cites cases addressing the requirements for constitutionally detaining a defendant during a traffic stop. However, the traffic stop was not the only lawful basis for Appellant's detention. While the police used a traffic violation to justify the stop in this

case, such was not necessary to detain Appellant while his residence was being searched pursuant to a lawful search warrant for contraband based upon a finding of probable cause.

¶ 8 The case of *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), involved a situation where the police stopped and detained a defendant as he descended the front steps of a house to be searched pursuant to a search warrant. The defendant's detention was challenged as an unconstitutional seizure. In *Summers*, the Supreme Court recognized that certain seizures are so minimally intrusive upon the rights of an individual and at the same time so necessary to achieve substantial law enforcement interests that they may be made on something less than probable cause. *See id.*, 452 U.S. at 699–700, 101 S.Ct. at 2592–2593. The Court held:

> If the evidence that a citizen's residence is harboring contraband is sufficient to persuade a judicial officer that an invasion of the citizen's privacy is justified, it is constitutionally reasonable to require that citizen to remain while officers of the law execute a valid warrant to search his home. Thus, for Fourth Amendment purposes, we hold that a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted.

*Id.*, 452 U.S. at 704–05, 101 S.Ct. at 2595. The law enforcement interests served by such a detention are the prevention of harm to officers and residents, the prevention of flight, and the orderly completion of the search, which is facilitated by the presence of the occupants. *Id.*, 452 U.S. at 702–03, 101 S.Ct. at 2594. This holding in *Summers* was subsequently addressed in the later case of *Muehler v. Mena*, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005), where the United States Supreme Court added, "Summers makes clear that when a neutral magistrate has determined police have probable cause to believe contraband exists, '[t]he connection of an occupant to [a] home' alone 'justifies a detention of that occupant.'" *Id.*,

544 U.S. at 99 n. 2, 125 S.Ct. at 1470 n. 2 (citation omitted).

¶ 9 These two Supreme Court cases were recently relied upon by the Tenth Circuit Court of Appeals in a case very similar to the one before this Court. In *United States v. Castro–Portillo*, 211 Fed.Appx. 715 (10th Cir. 2007), just before police arrived to execute a search warrant, an officer surveilling the residence observed two individuals leave the residence, get into a car and begin to drive away. An officer immediately followed and stopped the vehicle two blocks from the house. On appeal, the defendant in *Castro–Portillo* argued that his motion to suppress should have been granted because his Fourth Amendment rights were violated by this detention pending the execution of the search warrant at his residence. In applying the rulings of *Summers* and *Muehler*, the Tenth Circuit Court of Appeals held that:

> [T]he search warrant in this case carried with it the limited authority to detain Mr. Castro–Portillo as an occupant during the search of the house. This alone was sufficient to detain him during the entirety of the search. The fact that he was not observed committing a crime at the time of the stop, drove away from the house moments before the execution of the search warrant, and did not know about the search warrant did not prevent authorities from having the requisite suspicion to stop him....

*Id.*

¶ 10 In ruling *Summers* to be applicable where the defendant is detained after having driven away from the house to be searched, the Tenth Circuit in *Castro–Portillo* relied in part upon *United States v. Cochran*, 939 F.2d 337 (6th Cir.1991), where the defendant was also stopped after he had driven a short distance from his home. In *Cochran*, the Sixth Circuit held that "Summers does not impose upon police a duty based upon geographic proximity (i.e., defendant must be detained while still on his premises)...." *Id.*, 939 F.2d at 339. Rather, what the Court found was that the duty imposed upon police by *Summers* was to detain the defendant "as soon as practicable after departing from his residence." *Id.* This same rationale was fol-

lowed in *U.S. v. Bailey*, 468 F.Supp.2d 373 (E.D.N.Y.2006), wherein a defendant whose residence was about to be searched was allowed to leave the residence, get into his car and drive a few blocks before he was stopped and detained. The District Court held:

> There is no basis for drawing a "bright line" test under *Summers* at the residence's curb and finding that the authority to detain under *Summers* always dissipates once the occupant of the residence drives away. If such a rule were adopted it would require police officers who want to detain an exiting occupant of a residence under *Summers,* to effectuate the detention in open view outside the residence that was about to be searched, thereby subjecting them to additional dangers during the execution of the search, and potentially frustrating the whole purpose of the search due to destruction of evidence in the residence.

*Id.,* 468 F.Supp.2d at 379–80.

¶ 11 In the present case, the police sought to detain Appellant while they executed a lawful warrant to search his home for contraband. Although Appellant was stopped about a mile from his home, this was, under the circumstances, as soon as practicable, as a marked police car with an officer in uniform was called to make the stop and did so approximately four blocks from where he located Appellant's car.[1] Although the search started in his absence, Appellant was brought back to the residence for part of the search and his presence clearly served a stated purpose under *Summers* as it helped to facilitate an orderly completion of the search.[2] Because Appellant was present, he was able to tell officers the combination to the safe in which the contraband was found,

allowing officers to complete the search without destroying his property.

¶ 12 Based upon the forgoing discussion, we find that the trial court did not abuse its discretion in denying Appellant's motion to suppress.

¶ 13 In Proposition II we find that the trial court did not abuse its discretion in declining to suppress the evidence upon finding that the "knock and announce" by the officers who were executing the search warrant was constitutionally sufficient. *United States v. Jenkins,* 175 F.3d 1208 (10th Cir.1999).

¶ 14 Error raised in Proposition III requires that Appellant's Judgment and Sentence on Count II be reversed with instructions to dismiss. Appellant's possession of both methamphetamine and marijuana within a single container, while violative of separate statutes, constituted a single act of possession. 21 O.S.2001, § 11.

¶ 15 We find in Proposition IV, that in light of our ruling in Proposition II regarding the "knock and announce," that Appellant has not shown that but for counsel's alleged error, the result of the proceeding would have been different. Thus, Appellant was not denied his constitutional right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

¶ 16 Finally, we find that the trial court did not err in declining Appellant's requested instruction on reasonable doubt. *See Phillips v. State,* 1999 OK CR 38, ¶ 22, 989 P.2d 1017, 1028. *See also Al–Mosawi v. State,* 1996 OK CR 59, ¶ 27, 929 P.2d 270, 279.

---

1. *See U.S. v. Head,* 216 Fed.Appx. 543 (6th Cir. 2007)(stop of defendant made approximately one mile from his home was found to have been made as soon as possible where officer in unmarked car who observed the defendant leave his residence requested a uniformed officer in a marked car effect the stop to minimize risk to the officers' safety).

2. This is in sharp contrast to *United States v. Edwards,* 103 F.3d 90 (10th Cir.1996), wherein a defendant was also stopped after having left and driven away from a house at which police were preparing to execute a search warrant. In *Ed-* *wards* the defendant was detained on the side of the road at gun point for forty-five minutes until the search of the house was completed at which time he was arrested and taken to the police station. In finding the seizure of the defendant unconstitutional, the Court of Appeals noted that the interests articulated in *Summers* were not served by the defendant's extended detention. "[I]n contrast to the defendant in *Summers,* Edward's streetside detention played no part in facilitating the orderly completion of a search being conducted three blocks away." *Id.,* 103 F.3d at 94.

## DECISION

¶ 17 The Judgment and Sentence of the district court is **AFFIRMED** as to Counts I, III and IV. Appellants Judgment and Sentence on Count II is **REVERSED** with instructions to **DISMISS.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2007), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J. concurs in results.

CHAPEL, A. JOHNSON and LEWIS, JJ.: concur.